**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DE JESUS MEDINA-RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-70626<br><br>Agency No. A034-036-818<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2020[**]
San Francisco, California

Before: PAEZ, BERZON, and R. NELSON, Circuit Judges.

Petitioner Maria de Jesus Medina-Ramirez challenges her order of removal
to Mexico. A lawful permanent resident since 1972, Medina-Ramirez was placed
into removal proceedings after being convicted of a drug trafficking aggravated
felony. The Immigration Judge ("IJ") denied Medina-Ramirez's application for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

deferral of removal under the Convention Against Torture ("CAT"), and the Board of Immigration Appeals ("BIA") affirmed. In her petition for review, Medina-Ramirez challenges the denial of her CAT claim and asserts that the agency lacked jurisdiction under an intervening decision in *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018). We deny the petition.

1. The agency did not err in concluding that Medina-Ramirez was not eligible for CAT relief. Medina-Ramirez claims past harm by men who physically abused her and fear of future torture by individuals who planted the drugs in the car leading to her conviction. First, assuming that the gender-based harm she suffered took place in Mexico, the IJ erred in holding that neither rape, attempted sexual assault, nor domestic violence rises to the level of torture. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) (recognizing that "[r]ape can constitute torture . . . [as it] is a form of aggression constituting an egregious violation of humanity." (alterations in original) (internal citation and quotation marks removed)). Although the IJ committed error, it does not compel reversal because Medina-Ramirez testified that the main perpetrator of her past harm is no longer living and therefore no longer posed a threat to her. *See id.* at 1080 (noting that past torture "is ordinarily the principal factor" to support a CAT claim unless there are "changed circumstances"). Moreover, Medina-Ramirez did not testify that she was afraid of any future gender-based harm in Mexico.

2

Second, Medina-Ramirez's testimony about her fear of future torture by the "narcos" in retaliation for losing the drugs in the car she was driving is insufficient to show how the Mexican government would sanction or acquiesce in torture against her specifically. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) ("[The petitioner]'s contentions regarding his fears of returning to Mexico are not sufficiently particularized."). Although Medina-Ramirez also submitted a country conditions report documenting the role of police and government agents in arbitrary killings, torture, and forced disappearances, "generalized evidence of violence and crime in Mexico is not particular to [Medina-Ramirez] and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). She has not, for instance, claimed inability to seek protection from the Mexican police, nor that she would be singled out by government actors. *See Avendano- Hernandez*, 800 F.3d at 1080–82 (holding that government acquiescence prong of CAT can be shown by "torture at the hands of local officials" or record of "ineffective police protection"). On this record, we conclude that substantial evidence supports the agency's determination that Medina-Ramirez did not establish a clear probability of torture at the acquiescence of the Mexican government.

**2.** Medina-Ramirez also argues that the agency lacked jurisdiction over her case because her notice to appear lacked the place or time of the removal

proceedings required under *Pereira*, 138 S. Ct. at 2110.  This argument, however, is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 2020 WL 871705, at *1 (Feb. 24, 2020).

Petition **DENIED**.